RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

Date:
2024.01.16
11:54:05
-04'00'

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 23-264 (RAM) |
| Plaintiff, | |
| v. | |
| TONY ROSARIO-POLANCO, | |
| Defendant. | |

## PLEA AGREEMENT

**TO THE HONORABLE COURT:**

The United States of America, Defendant, Tony Rosario-Polanco, and Defendant's counsel, Raymond Sanchez-Maceira, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms, and conditions of which are as follows:



1. **Charges to which Defendant will Plead Guilty**

Defendant agrees to plead guilty to Count One of the Indictment:

Count One: On or about June 26, 2023, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant, Tony Rosario-Polanco, who is an alien, as that term is defined in 8 U.S.C § 1101(a)(3), who has been previously removed from the United States, attempted to enter the United states, without obtaining, prior to his re-embarkation at a place outside the United States, the express consent of the Secretary of Homeland Security to reapply for admission to the United States; in violation of 8 U.S.C § 1326(a).

## 2. Maximum Penalties

Count One: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of two years, pursuant to 8 U.S.C. 1326(a)(2); a fine not to exceed $250,000.00 pursuant to 18 U.S.C. § 3571(b)(3); and a supervised release term of not more than one year, pursuant to 18 U.S.C. § 3583(b)(2).

## 3.    Sentencing Guidelines Applicability



Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

## 4.    Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

## 5.    Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

## 6.    Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

## 7.    Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINE CALCULATION 8 U.S.C. § 1326(b)(2) | |
|---|---|
| Base Offense Level: U.S.S.G. § 2L1.2(a) | 8 |
| Acceptance of Responsibility: U.S.S.G.§ 3E1.1(a) & (b) | -2 |
| TOTAL ADJUSTED OFFENSE LEVEL | 6 |
| RANGE IF CRIMINAL HISTORY CATEGORY I | 0-6 |
| RANGE IF CRIMINAL HISTORY CATEGORY II | 1-7 |
| RANGE IF CRIMINAL HISTORY CATEGORY III | 2-8 |

## 8. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that the parties will request a sentence of time served, regardless of the criminal history category determined by the Court. Furthermore, the parties acknowledge that the defendant may be eligible for a two (2) level reduction under U.S.S.G. § 4C1.1, the total offense level will be further reduced by two (2) levels for a total adjusted offense level of 4.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is six (6) months of imprisonment or below, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea

Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Raymond Sanchez-Maceira, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea



Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

14. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

15. **Limitations of Plea Agreement**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **Entirety of Plea Agreement**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously

prosecuted.

## 21. Potential Impact on Immigration Status

Defendant is an alien. Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, he may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

W. STEPHEN MULDROW
United States Attorney

Jenifer Hernandez
Assistant U.S. Attorney
Chief, Child Exploitation and Immigration
Dated: 1/9/2023

Tony Rosario-Polanco
Defendant
Dated: 1/16/2024

Helena B. Daniel
Special Assistant U.S. Attorney
Dated: 1/9/2024

Raymond Sanchez-Maceira
Counsel for Defendant
Dated: 1/16/2024

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 1/16/2024

_____
Tony Rosario-Polanco
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 1/16/2024

_____
Raymond Sanchez-Maceira
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant, Tony Rosario-Polanco, admits that guilty as charged in the Indictment and admits the following:

On or about June 26, 2023, a United States Coast Guard Cutter (USCGC) was intercepted a target vessel traveling towards Aguadilla, Puerto Rico. The vessel was described as a "yola" type vessel with two outboard engines, and a total of twenty-three (25) persons on board, including the defendant, Tony Rosario-Polanco. All persons on board claimed to be undocumented migrants from the Dominican Republic.

For safety of lives at sea, all subjects were transferred to the USCGC. Onboard the USCGC, all subjects' fingerprints were entered into biometrics system. Biometric checks revealed that the defendant had prior immigration and criminal history as follows:

a.      On or about December 24, 2006, Rosario-Polanco was turned over to Immigration & Customs Enforcement (ICE) for further investigation and processing after being encountered by law enforcement. A removal order was subsequently issued by an Immigration Judge, and on January 24, 2007, Rosario-Polanco was officially and physically removed from the United States to the Dominican Republic.

b.      On July 10, 2020, Tony Rosario-Polanco was convicted in the District of Puerto Rico in Criminal Case No. 20-050 (RAM) for violation of 8 U.S.C. 1325(a), Improper Entry by Alien. Rosario-Polanco was sentenced to a term of imprisonment

of time served. On September 15, 2020, Rosario-Polanco was officially and physically removed from the United States to the Dominican Republic.

On June 29, 2023, Rosario-Polanco was transported to the Mayaguez Port of Entry in Mayaguez, Puerto Rico, by USCG, where Border Patrol Agents were dispatched to investigate and to assume custody. Rosario-Polanco was subsequently arrested and transported to the Ramey Border Patrol Station for further investigation, processing, and removal proceedings. At Ramey Station, Rosario-Polanco's photograph, and fingerprints were taken and entered in different law enforcement databases. Record checks confirmed his prior immigration history, corroborating information previously provided by the USCG.

Rosario-Polanco attempted to re-enter the United States at a place other than a designated Port of Entry, and does not have any immigration documents allowing him to enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, he was not inspected, admitted, or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

_____
Helena B. Daniel
Special Assistant U.S. Attorney
Dated: ___1/9/2024___

_____
Raymond Sanchez-Maceira
Counsel for Defendant
Dated: __1/6/2024__

_____
Tony Rosario-Polanco
Defendant
Dated: __1/6/2024__